WILLIAM F. GASTON, PROSECUTOR, v. FRANK I. ACKER-MAN ET AL., RESPONDENTS.

Submitted January 27, 1928—Decided June 29, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Humphreys & Sumner.*

For the respondents, *Ward & McGinnis.*

PER CURIAM.

This case is before this court on a writ of *certiorari.* The writ brings up the proceedings before the board of appeals (also referred to as the board of adjustment) of the city of Passaic, respecting the issuance of a permit to one Louis Stein, to erect an apartment house on Lexington avenue, in the city of Passaic. The prosecutor is the owner of property situated on the northeast corner of Lexington avenue and Harrison street, in the city of Passaic, upon which there is erected a one-family dwelling. Adjoining the prosecutor's property is the property of Anna E. Gaston, located on the easterly side of Lexington avenue. The property has a frontage of fifty feet and there is erected thereon a one-family dwelling house. Adjoining the property of Anna E. Gaston on the north are the premises owned by Louis Stein.

On September 15th, 1927, Louis Stein made an application to the supervisor of buildings of the city of Passaic for a permit to erect a four-story apartment house with accommodations for forty-five families and a janitor. The application was refused by the supervisor of buildings on the ground that the zoning ordinance of the city of Passaic prohibited anything but buildings two and one-half stories in

height and used for a one housekeeping unit to be built upon the property of Stein. On the day of the refusal to grant this permit Stein applied to the board of appeals or board of adjustment. This board then granted the application of Stein. The prosecutor then applied for and obtained the present writ of *certiorari* for the purpose of reviewing the action of the board.

The record shows that when Stein made his appeal the case was referred to a committee. Objections to granting the permit were filed. A hearing on the appeal was had at which evidence was submitted. No determination was then made, but the matter was adjourned from time to time until December 6th, 1927. At a meeting held on this date there were present three of the five members of the board. Two were absent. A resolution was introduced which, after certain recitals, resolved that the appeal of Stein be approved. This resolution was signed by all the members of the board. Two added before their names the word "no" and three added before their names the word "yes." The ordinance under which the meeting was held provided that a quorum shall consist of four members. There was, therefore, no quorum present at the time the resolution was adopted. After the adoption of the resolution a permit was issued. The roll call showed three voting for the permit and two members absent.

The first contention of the prosecutor is that the action of the board of adjustment was illegal because no quorum was present. We think this position well taken. In order to constitute a legal meeting it was necessary that four members be present. Four members were not present, and, although a majority of the full membership voted for the resolution, yet a valid resolution could not be passed at a meeting which was not legal for lack of a quorum.

We think it unnecessary to consider the other point raised and argued, namely, as to whether a decision not rendered within sixty days from the time of the notice of appeal as required by chapter 203 of the laws of 1927 is valid. For the reason to which we have referred the action of the board of adjustment in granting the permit will be set aside, with costs.